IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J. B. MOBLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:15-cv-2562 |
| | § | |
| STONEGATE SENIOR LIVING, LLC, and | § | |
| CYPRESSWOOD SNF OPERATIONS, | § | |
| LLC, both D/B/A/ VILLA TOSCANA AT | § | |
| CYPRESS WOODS | § | |
| | § | **JURY DEMANDED** |
| Defendant. | § | |

## COMPLAINT

COMES NOW, Plaintiff J.B. MOBLIN ("Plaintiff") and complains of Defendants STONEGATE SENIOR LIVING, LLC, and CYPRESSWOOD SNF OPERATIONS, LLC, both D/B/A/ VILLA TOSCANA AT CYPRESS WOODS, and for his cause of action would show the Court as follows:

### INTRODUCTION

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States and the State of Texas, including the Americans with Disabilities Act, the Texas Commission on Human Rights Act, as amended, and the Family and Medical Leave Act.

### PARTIES

2. Plaintiff J.B. MOBLIN is a resident of Harris County, Texas.

3. Defendant STONEGATE SENIOR LIVING, LLC is an entity that can be served with process through its registered agent, Capitol Corporate Services, Inc., at the following address: 800

Brazos Ste. 400, Austin, TX 78701.

4.      Defendant CYPRESSWOOD SNF OPERATIONS, LLC is an entity that can be served with process through its registered agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, TX 78701.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331.

6.      This action lies in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Harris County, Texas.

## CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8.      Plaintiff, J.B. Moblin, was hired by the Defendants in 2011, and was transferred to Defendants' Villa Toscana facility in 2012.  Mr. Moblin served as a nurse's assistant for Defendants, and at the time of his termination held the title of Lead Aide.

9.      On Saturday, August 23, 2014, Mr. Moblin notified Defendants that he would not be able to go to work because of severe neck pain.  Mr. Moblin worked on August 24 and 25, though he was still in pain.

10.     On the morning of August 27, Mr. Moblin's pain had worsened, causing him to have difficulty breathing and preventing him from bending and doing other physical activities typically associated with his work.   Mr. Moblin went to work that morning, but told the Staffing Coordinator and the Director of Nursing that he needed to go to the emergency room because he was having

2

trouble breathing and could not turn his head or bend over.  The Director of Nursing told Mr. Moblin that he could leave, so he called his wife to come get him so she could take him to the emergency room.

11. On his way to the emergency room, Mr. Moblin received a call from the Staffing Coordinator, who told him that he had to return to work.  Mr. Moblin informed the Staffing Coordinator that he was almost at the emergency room and had to be seen.  Respondent terminated Mr. Moblin's employment that afternoon, before he had the chance to return to work.

## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION ON THE BASIS OF "REGARDED AS" DISABLED, IN VIOLATION OF THE ADA AND TCHRA

12. Defendants violated by the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

13. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability or because the employer regards the individual as a person with a disability.

14. Defendant is an employer under the ADA and the TCHRA.  Defendant had more than 15 employees in 20 or more calendar weeks during the year in which Mr. Moblin was terminated, or in the preceding calendar year.

15. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination.  Plaintiff was regarded by the Defendants as a person with a disability.

16. Plaintiff was meeting his employer's expectations.

17. Plaintiff was terminated because Defendants regarded Plaintiff as a person with a disability.

18. Defendants violated both the ADA and TCHRA by terminating Plaintiff because Defendants regarded Plaintiff as disabled. Defendants regarding of Plaintiff as disabled was a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment. Defendants' perception of Plaintiff as a person with a disability moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

## COUNT TWO - FAMILY AND MEDICAL LEAVE ACT VIOLATIONS

19. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). Defendants are in willful violation of the FMLA. Defendants violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

20. Plaintiff availed himself of a protected right under the FMLA by taking off on August 27, 2014, and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendants' decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

21. In addition, an employee who takes FMLA leave under section 2612 shall be entitled,

on return from such leave, to be restored by the employer to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. See 29 U.S.C. §2614(a)(1). Furthermore, the taking of FMLA leave under section 2612 shall not result in the loss of any employment benefit accrued prior to the date on which the leave commended. See 29 U.S.C. §2614(a)(2). Defendants violated these provisions of the FMLA by failing to reinstate Plaintiff into her position following his FMLA leave.

## **DAMAGES**

22. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

23. Defendant has intentionally engaged in an unlawful employment practice. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

24. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff

additionally brings suit for punitive damages.

25. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages for Defendant's violations of the Family and Medical Leave Act.

## ATTORNEYS' FEES AND EXPERT FEES

26. A prevailing party may recover reasonable attorneys' and experts' fees under the Texas Commission on Human Rights Act, the ADA, and the Family and Medical Leave Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for costs and for expert fees.

## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

        Respectfully submitted,

        THE LAW OFFICES OF KELL A. SIMON
        902 East Fifth Street, Suite 207
        Austin, Texas 78702
        (512) 898-9662 Telephone
        (512) 368-9144 Facsimile


        s/ Kell A. Simon
        Kell A. Simon
        State Bar No. 24060888
        ATTORNEY FOR PLAINTIFF